IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| ANNETTE EVELYN LARSON, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | Case No. 19-cv-067-STE |
| ANDREW SAUL, Commissioner of the Social Security Administration, | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of the Social Security Administration denying Plaintiff's applications for disability insurance benefits (DIB) and supplemental security income (SSI) under the Social Security Act. The Commissioner has answered and filed a transcript of the administrative record (hereinafter TR. ____). The parties have consented to jurisdiction over this matter by a United States magistrate judge pursuant to 28 U.S.C. § 636(c).

The parties have briefed their positions, and the matter is now at issue. Based on the Court's review of the record and the issues presented, the Court **REVERSES AND REMANDS** the Commissioner's decision.

I.    PROCEDURAL BACKGROUND

Initially and on reconsideration, the Social Security Administration denied Plaintiff's applications for benefits.[1] Following an administrative hearing, an Administrative Law Judge (ALJ) issued an unfavorable decision. (TR. 12-25). The Appeals Council denied Plaintiff's request for review. (TR. 1-8). Thus, the decision of the ALJ became the final decision of the Commissioner.

II.   THE ADMINISTRATIVE DECISION

The ALJ followed the five-step sequential evaluation process required by agency regulations. *See Fischer-Ross v. Barnhart*, 431 F.3d 729, 731 (10th Cir. 2005); 20 C.F.R. §§ 404.1520, 416.920. At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful activity since May 24, 2010, her alleged onset date. (TR. 14). At step two, the ALJ determined that Plaintiff had the following severe impairments: lumbar degenerative disc disease, with sciatica; and obesity. (TR. 15). At step three, the ALJ found that Plaintiff's impairments or combination thereof did not meet or medically equal any of the presumptively disabling impairments listed at 20 C.F.R. Part 404, Subpart P, Appendix 1. (TR. 17).

At step four, the ALJ concluded that Plaintiff retained the residual functional capacity (RFC) to perform sedentary work with the following additional limitations:

> requires a sit/stand option, in that [Plaintiff] can sit for about 20 minutes at any one time before standing briefly at the workstation for less than 3

---

[1] Though Plaintiff filed an application for SSI, *see* TR. 5, 12, 41, 43, 162, the administrative record does not include review of such application initially or upon reconsideration.

minutes; occasionally climb ramps and stairs, balance, and stoop; never kneel, crouch, crawl, and climb ropes, ladders, or scaffolds; avoid exposure to industrial type vibration; and must avoid exposure to workplace hazards, such as dangerous moving machinery and unprotected heights.

(TR. 18). The ALJ further found that Plaintiff could not perform her past relevant work. (TR. 22).

The ALJ then proceeded to make findings at step five. The ALJ consulted with a vocational expert (VE) to determine whether there were other jobs in the national economy that Plaintiff could perform. Given the limitations presented by the ALJ, the VE identified three sedentary, unskilled jobs from the Dictionary of Occupational Titles (DOT): addresser, tube operator, and document preparer. (TR. 23). Relying upon the testimony of the VE, the ALJ concluded that Plaintiff was not disabled based on her ability to perform the identified jobs. (TR. 23-25).

## III. STANDARD OF REVIEW

This Court reviews the Commissioner's final "decision to determin[e] whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied." *Wilson v. Astrue*, 602 F.3d 1136, 1140 (10th Cir. 2010). Under the "substantial evidence" standard, a court looks to an existing administrative record and asks whether it contains "sufficient evidence" to support the agency's factual determinations. *Biestek v. Berryhill*, -- U.S. --, 139 S. Ct. 1148, 1154 (2019) (internal citation, alteration, and quotation marks omitted). "Substantial evidence . . . is more than a mere scintilla . . . and means only—such relevant evidence as a

reasonable mind might accept as adequate to support a conclusion." *Id.* (internal citations and quotation marks omitted).

While the court considers whether the ALJ followed the applicable rules of law in weighing particular types of evidence in disability cases, the court will "neither reweigh the evidence nor substitute [its] judgment for that of the agency." *Vigil v. Colvin*, 805 F.3d 1199, 1201 (10th Cir. 2015) (internal quotation marks omitted).

## IV. ISSUES PRESENTED

On appeal, Plaintiff alleges the ALJ (1) failed to fully develop the record and, thus, the RFC is not supported by substantial evidence, and (2) failed to sustain his step-five burden. (ECF No. 15:6-11).

## V. ANALYSIS

### A. *The RFC is unsupported by substantial evidence with respect to Plaintiff's mental health impairments.*

At issue in both of Plaintiff's arguments are alleged errors in the ALJ's consideration of Plaintiff's mental health impairments and corresponding limitations. The undersigned agrees that the ALJ erred. As an initial matter, with respect to Plaintiff's mental impairments and limitations, the ALJ "afforded great weight to the opinions of the State agency mental health physicians who indicated [Plaintiff's] mental impairments are not severe." (TR. 22). The only State agency mental health physician opinions found in the record are those for Plaintiff's DIB application, in which the physicians found that Plaintiff's mental impairments were not severe based solely on "insufficient evidence to rate at the time [Plaintiff] was last insured for disability." *See* TR. 71-72, 79-80.

But Plaintiff applied for both DIB and SSI. (TR. 12, 25; ECF No. 18:2). And the date Plaintiff was last insured for disability is irrelevant to her SSI claim. "While a Title II claimant seeking disability insurance benefits must prove disability prior to her [date last insured], there is no such requirement for Title XVI claimant seeking SSI." *Gabaldon v. Barnhart*, 399 F. Supp. 2d 1240, 1250 (D.N.M. 2005) (citing SSR 83-20, 1983 WL 31249, at *1 (Jan. 1, 1983)); *cf. Tucker v. Barnhart*, 201 F. App'x 617, 621 (10th Cir. 2006) (recognizing that the period under consideration for plaintiff's DIB claim was the date of alleged onset to the date last insured, while the period for her SSI claim was her protective filing date to the date of the ALJ's decision). As such, the opinions of the State agency mental health physicians, and the underlying reasoning therefore, are not substantial evidence for the ALJ's determination regarding Plaintiff's SSI mental health claims. Accepting the ALJ's statement that his decision governs both Plaintiff's DIB claim and her SSI claim, the Court finds reversible error with respect to Plaintiff's SSI claim.

Next, the ALJ addressed Plaintiff's claims of mental health impairments and stated that he "limited her to understanding, remembering, and carrying out simple instructions and having only superficial contact with co-workers and supervisors, and no public contact." (TR. 22). The ALJ did not, however, actually include these limitations in the RFC, nor did he explain the omission. *Compare* TR. 18, *with* TR. 22. An ALJ must explain the resolution of any material evidentiary inconsistencies or ambiguities in assessing an RFC. SSR 96-8p, 1996 WL 374184, at *7 (July 2, 1996). Here, because the RFC does not include all the limitations the ALJ found to exist, but the ALJ did not explain why, the

ALJ's decision to omit the limitations from the RFC was flawed. Accordingly, remand is warranted for both Plaintiff's DIB and SSI claims.

## B. *The ALJ failed to sustain her burden at step five.*

Finally, in addition to the ALJ's errors at step four, the ALJ also failed to sustain his step-five burden to show that Plaintiff could perform the identified jobs despite her mental health impairments and limitations. At steps one through four of the sequential evaluation process, the burden of proof is on the claimant to "establish[] a prima facie case of disability." *Hackett v. Barnhart*, 395 F.3d 1168, 1171 (10th Cir. 2005). But at step five, the burden shifts to the ALJ to "show that there are jobs in the regional or national economies that the claimant can perform with the limitations the ALJ has found [her] to have." *Haddock v. Apfel*, 196 F.3d 1084, 1088 (10th Cir. 1999).

Plaintiff argues that the ALJ did not meet his burden at step five because the VE's testimony, on which the ALJ relied, is inconsistent with information in the Dictionary of Occupational Titles (DOT). The undersigned agrees. It is well established that an ALJ has a duty to determine whether evidence provided by a VE is consistent with information in the DOT. *Haddock*, 196 F.3d at 1089, 1091. If the ALJ fails this duty and there is an unresolved conflict between the VE's information and the DOT, that information cannot constitute substantial evidence to support a determination of non-disability. *Id*. at 1091; *accord Hackett*, 395 F.3d at 1175; SSR 00-4p, 2000 WL 1898704 (Dec. 4, 2000).

Here, Plaintiff contends that the DOT information for the jobs relied upon by the VE, and the ALJ, conflict with the limitations included in the hypothetical the ALJ provided

6

the VE. (ECF No. 15:9-10). Specifically, Plaintiff points to the limitations that the hypothetical individual can only:

- understand, remember, and carry out simple instructions;
- make only simple work decisions;
- deal with only occasional changes, work processes, and environment;
- have no contact with the general public; and
- only incidental or superficial work-related type contact with coworkers and supervisors.

(ECF No. 15:9; TR. 63). Though these limitations do not appear in Plaintiff's RFC, *see* TR. 18, the ALJ included them in the only hypotheticals to which the VE responded by listing the jobs of addresser, tube operator, and document preparer—the jobs ultimately relied upon by the ALJ. (TR. 62-63). Thus, regardless of the RFC, the limitations were part of the hypothetical to the VE. If the VE's answer conflicted with the DOT, then it was error for the ALJ to rely on the answer.

### a. Document preparer

Plaintiff first implicates the reasoning level set forth in the DOT definition for document preparer. (ECF No. 15:9-10; TR. 23). The DOT defines occupations, in part, by the reasoning level required to perform the occupation. Reasoning levels describe a job's requirements regarding understanding instructions and dealing with variables. The levels range from 1 to 6, with 1 being the simplest and 6 the most complex. *See* DOT App. C

7

(Components of the Definition Trailer), § III, 1991 WL 688702; *see also Hilliard v. Berryhill*, CIV-17-424-BMJ, 2018 WL 1221485, at *2 (W.D. Okla. Mar. 8, 2018).

The hypothetical to the VE included a restriction to "understand[ing], remember[ing], and carry[ing] out simple instructions," and "mak[ing] only simple work-related decisions," but the job of document preparer requires a reasoning level of three. TR. 63; DOT 249.587-018 (document preparer), 1991 WL 672349 (4th rev. ed. 1991). The DOT states that level three reasoning requires the ability to "[a]pply commonsense understanding to carry out instructions furnished in written, oral, or diagrammatic form [and d]eal with problems involving several concrete variables in or from standardized situations." DOT App. C (Components of the Definition Trailer), § III, 1991 WL 688702; *see also* DOT 249.587-018 (document preparer), 1991 WL 672349. The Tenth Circuit has held that a limitation to "simple and routine work tasks . . . seems inconsistent with the demands of level-three reasoning." *Hackett*, 395 F.3d at 1176 (internal quotation marks and citation omitted). More recently, the Tenth Circuit has also found that inconsistency between level three reasoning and an RFC limitation to simple instructions. *Paulek v. Colvin*, 662 F. App'x 588, 594 (10th Cir. 2016). As the hypothetical included limitation to both simple instructions and simple work-related decisions, the undersigned finds there was a conflict between the VE's assertion that Plaintiff could perform the occupation of document preparer and the DOT requirements of that job.

Though the ALJ reminded the VE that she was to inform him of any inconsistencies with the DOT, *see* TR. 61-62, the VE did not do so. *See* TR. 61-64. Yet there clearly was

a conflict for which the ALJ did not "'investigate and elicit a reasonable explanation.'" *See Haddock*, 196 F.3d at 1091. As such, the VE's testimony does not provide substantial evidence to support the ALJ's determination that Plaintiff can perform the job of document preparer and the ALJ has not met his burden with respect to this occupation.

### b. Addresser and tube operator

The jobs of addresser and tube operator both require a reasoning level of two. DOT 209.587-010 (addresser), 1991 WL 671797; DOT 239.687-014 (tube operator), 1991 WL 672235. The DOT states that level two reasoning requires the ability to "[a]pply commonsense understanding to carry out detailed but uninvolved written or oral instructions [and d]eal with problems involving a few concrete variables in or from standardized situations." DOT App. C (Components of the Definition Trailer), § III, 1991 WL 688702. The Tenth Circuit has indicated that a limitation to simple *work* is consistent with level two reasoning. *See Hackett*, 395 F.3d at 1176 (stating that a limitation to simple and routine work tasks "appears more consistent" with level two reasoning than with level three reasoning); *Stokes v. Astrue*, 274 F. App'x 675, 684 (10th Cir. 2008) (finding that a limitation to simple, repetitive work was "consistent with the demands of level-two reasoning"). But the Circuit has not determined whether a limitation to simple *instructions* is consistent with level two reasoning. *See Paulek*, 662 F. App'x at 594 ("[W]e have not spoken to whether a limitation to simple and routine work tasks is analogous to a limitation to carrying out simple instructions[.]").

This Court has reached different conclusions regarding consistency between level-two reasoning and a limitation to simple instructions, depending on the specific circumstances at issue. The circumstances here include multiple errors. The ALJ did not properly consider Plaintiff's mental health impairments at step four and the RFC is flawed. Additionally, at step five, the ALJ's hypotheticals to the VE, upon which the ALJ ultimately relied, included mental limitations that the ALJ did not include in the RFC. In answer to those hypotheticals, the VE's testimony with regard to one occupation, document preparer, clearly conflicts with the DOT with respect to mental health limitations. And the VE's testimony with regard to the remaining two occupations possibly conflicts with the DOT with respect to mental health limitations. *See Cuskey v. Saul*, CIV-18-825-SM, 2019 WL 4452954, at *4 (W.D. Okla. Sept. 17, 2019) ("perceiv[ing] a conflict between the vocational expert's testimony and the descriptions in the DOT" when plaintiff was limited to simple instructions but the VE cited level-two reasoning occupations; also listing cases in which courts both found conflicts and found no conflicts in similar situations). Moreover, though prior to the VE's testimony the ALJ reminded her that she needed to "let us know" if there were any inconsistencies, the VE did not and the ALJ did not revisit the question.

In support of the ALJ's decision, Defendant argues that there was no conflict because all three jobs were unskilled and, thus, "could be performed by someone who was limited to simple work." (ECF No. 18:12-14). Defendant contends that the reasoning levels indicated in the DOT correspond to general education background requirements of the occupations and not to mental requirements. (*Id.*). This Court has repeatedly rejected

this argument when the Commissioner has raised it in other cases. *See, e.g., Dickson v. Saul,* CIV-19-248-SM, 2019 WL 5684513, at *4 (W.D. Okla. Nov. 1, 2019) (listing cases rejecting the Commissioner's argument). The Court sees no compelling reason to disagree with these decisions and the Court continues to be unpersuaded that there is no relationship between an individual's RFC and the reasoning level listed in the DOT for a particular occupation.

Defendant further argues that *Hackett* "suggests that an apparent conflict would not exist." (ECF No. 18:14-15). But *Hackett* does not address a limitation to simple instructions, which is the relevant limitation. *See Hackett*, 395 F.3d at 1176. And given the ALJ's other errors in considering Plaintiff's mental health impairments, the Court declines to find that the ALJ met his burden at step five based only upon a suggestion.

Moreover, based on the volume of errors at issue, the Court cannot confidently say that the ALJ's mistakes are harmless. *See Allen v. Barnhart*, 357 F.3d 1140, 1145 (10th Cir. 2004) (discussing harmless error in social security appeals and holding that such a principle applies only where the court can "confidently say that no reasonable administrative factfinder, following the correct analysis, could have resolved the factual matter in any other way"). Accordingly, remand is required.

### C. *Plaintiff's Remaining Claims of Error*

The Court does not address Plaintiff's other allegations as they "may be affected by the ALJ's treatment of the case on remand." *See Watkins v. Barnhart*, 350 F.3d 1297, 1299 (10th Cir. 2003).

**ORDER**

The Court has reviewed the medical evidence of record, the transcript of the administrative hearing, the decision of the ALJ, and the pleadings and briefs of the parties. Based on this review, the Court **REVERSES AND REMANDS** the Commissioner's decision for further administrative development.

ENTERED on November 25, 2019.

_____
SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE